**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jumar K Stewart,<br><br>          Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>          Respondents. | No. CV-21-00776-PHX-MTL (JFM)<br><br>**ORDER** |

      Under consideration is Petitioner's Motion to Stay filed May 3, 2021. (Doc. 4.) Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 3, 2021, along with the instant Motion to Stay. The Motion seeks to stay consideration of his habeas petition pending completion of Petitioner's state post-conviction relief proceedings seeking consideration of the claim he raises in this case. Noting its inability to address the matter in a vacuum, the Court directed a response to the Motion to Stay and vacated a deadline for a response to the Petition if Respondents did not oppose the motion. (Doc. 8.) Respondents have now responded to the motion, asserting they do not object. (Doc. 11.)

      No argument is made or information provided by Respondents about the status of exhaustion of Petitioner's habeas claim or the standard applicable to the stay. Thus the Court still has insufficient information to resolve the status of Petitioner's claim. *Compare Rhines v. Weber*, 544 U.S. 269 (2005) (stays of "mixed" petitions on findings of good case

and claims of some merit), *and Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (stays of fully unexhausted petitions on same standard), *with King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (discretion to grant stays of exhausted claims when unexhausted claims deleted by amendment).

In light of the parties' agreement on the appropriateness of a stay, the Court finds a grant of a stay as a matter of judicial economy to be within its discretion. *See O'Neill v. United States*, 50 F.3d 677, 687 (9th Cir. 1995) (holding that "the district courts are entitled to discretion in managing cases within the federal system"). Allowing Petitioner to pursue his state remedies of his claims poses no apparent prejudice to either party, may potentially avoid an unnecessary dismissal without prejudice, and serves the policy of comity which generally allows the state courts the first opportunity to address constitutional claims affecting their judgments. *See King*, 564 F.3d at 1138.

**IT IS THEREFORE ORDERED**:

1. The reference to the magistrate judge of Petitioner's Motion to Stay (Doc. 4) is **WITHDRAWN**.

2. Petitioner's Motion to Stay (Doc. 4) is **GRANTED**.

3. Consideration of the Petition (Doc. 1) is **STAYED** pending further order. Every 90 days from the date of this Order, and upon completion of Petitioner's pending state post-conviction relief proceeding, Respondents must file a notice advising the Court of the status of such proceedings.

Dated this 15th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge